## APPEAL BOND WHERE TIME FOR FILING FALLS ON SUNDAY.

Circuit Court of Cuyahoga County.

Max Pfister v. F. G. Botsford et al.

Decided, December 1, 1905.

*Appeals from Justice Courts—When to be Perfected.*

Section 4951, Revised Statutes, does not apply to practice in justices' courts, and where the date upon which an appeal bond may be filed falls upon Sunday it can not be filed on the following day.

*A. H. Martin,* for plaintiff in error.
*J. Moore* and *F. C. Friend,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is brought to reverse a judgment rendered by the common pleas court in an action brought thither on appeal from the court of a justice of the peace. Pfister was plaintiff in both the lower courts and is plaintiff in error here.

An inspection of the transcript from the justice's court discloses that the appeal bond was not filed within the statutory period. The time for filing expired on a Sunday and the bond was filed the next day. It was therefore too late, and was without efficacy to perfect an appeal. Section 4951, Revised Statutes, does not apply to practice in justices' courts. *McClees et al v. Morrison,* 29 O. S., 155; *Kerry* v. *Keil,* 60 O. S., 607.

The judgment of the court of common pleas is reversed, and the cause remanded to that court with direction to dismiss the appeal.